# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00504-RJC-DSC

| | |
|---|---|
| ERICA L RANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GCA SERVICES GROUP OF NORTH CAROLINA INC., | ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant's Partial Motion to Dismiss [Claim for Assault and Battery]" (document #5) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be <u>denied</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, GCA is a temporary employment placement service. Defendant hired Plaintiff and placed her at PP&G Industries in Shelby, North Carolina. Shane Hardy was Plaintiff's supervisor. Hardy engaged in inappropriate behavior towards Plaintiff including making sexual comments, hugging her, brushing against her, calling her when she was off duty, telling her mother that he would marry and have children with

her, and propositioning her for sex.  Plaintiff made numerous complaints to site manager Nicole Nixon and other managers.  Hardy persisted in this behavior despite her complaints.  Plaintiff received disciplinary write ups after she began complaining about Hardy's behavior.  Eventually, she resigned.

On October 3, 2019, Plaintiff filed her Complaint alleging claims for sexual harassment and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII").  She also alleges state law claims for negligent supervision and retention, assault and battery, and negligent infliction of emotional distress.

On January 10, 2020, Defendant filed its Motion to Dismiss Plaintiff's claims for assault and battery.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

"A claim of assault is established by a showing of 1) intentional acts and displays of force, 2) which caused the plaintiff reasonable apprehension of offensive contact upon her person." Lingle v Pain Relief Centers, P.A., 2013 WL 6732120, *8 (W.D.N.C. 2013) (citing Dickens v. Puryear, 276 S. E.2d 325 (N.C. 1981)). The elements of battery are intentional infliction of offensive contact upon Plaintiff's person without her consent. Id. An employer may be held liable for an assault or battery committed by an employee if the employer specifically authorized the behavior, the behavior was within the course and scope of employment and in furtherance of the employer's business, or the employer ratified the behavior after it occurred. Lingle, 2013 WL 6732120, *8 (citing Brown v. Burlington Indus., Inc., 378 S.E.2d 232, 235 (N.C. App. 1989) (quoting Hogan v. Forsyth Country Club Co., 340 S.E.2d 116 (N.C. App.), disc. rev. denied, 346 S.E.2d 140 (N.C. 1986))).

Ratification is shown if "the employer had knowledge of all material facts and circumstances to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act." Lingle, 2013 WL 6732120, *8 (quoting Brown, 378 S.E.2d at 236). "Ratification may also be shown by an employer's omission to act to rectify a problem brought to the attention of the employer by an employee." Id. ("Where [the employer], through [its manager], had an explicit duty to rectify the problem posed by [its employee's] sexual harassment of plaintiff, [the manager's] omission of action was a course of conduct which a jury could conclude reasonably tends to show ratification of [the employee's] acts by [the employer].") While the employer must have knowledge of all material facts related to its employee's acts, ratification may also be found

where the employer has been provided with facts "which would lead a person of ordinary prudence to investigate further," but the employer fails to do so. Lingle, 2013 WL 6732120, *8 (citing Denning–Boyles v. WCES, Inc., 123 N.C.App. 409, 415, 473 S.E.2d 38, 42 (1996) (citing RESTATEMENT (SECOND) OF AGENCY § 91, Comment e, p. 235 (1958))).

Applying those legal principles, Plaintiff has sufficiently pled claims for assault and battery against Defendant. She alleges that Hardy subjected her to repeated acts of sexual harassment, including offensive touching. Defendant's managers took no action on her complaints and Hardy's harassment continued. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Partial Motion to Dismiss [Claim for Assault and Battery]" (document #5) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: February 24, 2020

David S. Cayer
United States Magistrate Judge