# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

ERICA L. RANKINS,

    Plaintiff,

vs.

GCA SERVICES GROUP OF NORTH CAROLINA INC.,

    Defendant.

Civil Action No. 3:19-cv-00504-RJC-DSC

**CONSENT PROTECTIVE ORDER**

## Purpose and Scope

The purpose of this Consent Protective Order is to govern the parties' handling and disclosure of personal and proprietary information during discovery and mediation. This Order does not govern testimony at any trial or hearing; nor does this Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court or the Circuit Court.

## Need for a Protective Order

In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature, including but not limited to personnel records, tax returns and financial information, medical records and materials related to employee benefits, as well as confidential personal or financial information regarding third parties. The parties seek to limit the use of the information and documents during discovery and

mediation in order to protect themselves from annoyance and potential embarrassment. Accordingly, they have agreed to the entry of this Consent Protective Order ("Order") in order to facilitate the production of the information requested and any information that has been or will be produced during discovery and mediation in this case.

## Definition of Confidential Information

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "confidential information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order.

## Designation of Information as Confidential

2. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of

Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least ten days after a full and complete transcript of said deposition is available.

### Use of Confidential Information

5. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

   (a) Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b) Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e) Subject to the provisions of Paragraphs 7 and 8 below, any court, including this Court, or appellate body (including their respective personnel) which has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

## Non-Disclosure of Confidential Information

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed Exhibit A to this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing

party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

## Sealed Filings

7. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with the Electronic Case Filing Administrative Policies and Procedure Manual.

8. Pursuant to Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988), each time a party seeks permission to make a sealed filing, it shall accompany the motion to seal with a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal.

## General Provisions

9. In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Order. Before filing such a motion, however, the parties must meet and confer in a good faith attempt to resolve the dispute concerning the designation(s) of confidential information or material at issue. No party shall be obligated to challenge the propriety of any designation of information

as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

10. The entry of this Consent Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party or third party with respect to discovery matters, including, but not limited to, any party's or third party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to discovery materials or any party's or third party's right to contest such assertion. Any inadvertent disclosure of discovery materials protected by the attorney-client privilege or the work product doctrine will not be deemed a waiver of such privilege. Upon request from the producing party, a non-producing party shall return all copies of any inadvertently disclosed privileged materials. The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court.

11. At the conclusion of this litigation, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information or destroy any confidential information produced by the other party, except transcriptions of depositions taken in the course of this proceeding. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

12. The ultimate disposition of protected materials shall be subject to final order of the Court.

13. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules or order of Court.

14. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

**SO ORDERED**.

Signed: August 18, 2020

_____
David S. Cayer
United States Magistrate Judge

Consented to this, the ____ day of August, 2020.

| For the Plaintiff: | For the Defendant: |
|---|---|
| */s/ Geraldine Sumter* | */s/ Steven A. Nigh* |
| Geraldine Sumter | Jerry H. Walters, Jr., Bar No. 23319 |
| N.C. State Bar No. 11107 | Steven Andrew Nigh, Bar No. 51837 |
| gsumter@fergusonsumter.com | LITTLER MENDELSON, P.C. |
| Ferguson Chambers & Sumter, P.A. | Bank of America Corporate Center |
| 309 East Morehead Street, Suite 110 | 100 North Tryon Street |
| Charlotte, NC 28202 | Suite 4150 |
| Telephone: (704) 375-8461 | Charlotte, North Carolina 28202 |
| Facsimile: (704) 334-5654 | Telephone: 704.972.7000 |
| gsumter@fergusonsumter.com | Facsimile: 704.333.4005 |
| | jwalters@littler.com |
| | snigh@littler.com |

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Erica L. Rankins v. GCA Services Group of North Carolina, Inc.*, Case No. 3:19-cv-00504-RJC-DSC (Western District of North Carolina), have been designated as confidential. I have been informed that any such document or information labeled as "Confidential" are confidential by order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signature

Signed in the presence of:

_____
(Attorney)

4828-6439-9544.1 098804.1003